1  Robert M. Anderson (State Bar No. 75698)
   Natanel E. Safaradi (State Bar No. 324829)
2  **WILSON, ELSER, MOSKOWITZ,**
   **EDELMAN & DICKER LLP**
3  555 South Flower Street, Suite 2900
   Los Angeles, California 90071
4  Telephone:(213) 443-5100
   Facsimile: (213) 443-5101
5  E-mail: robert.anderson@wilsonelser.com
            nathan.safaradi@wilsonelser.com
6
   Attorneys for Defendant,
7  E.B.A. & M. CORPORATION

8                **UNITED STATES DISTRICT COURT**

9          **CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISON**

| | |
|---|---|
| PIH HEALTH HOSPITAL – DOWNEY, a California non-profit public benefit corporation; and PIH HEALTH HOSPITAL – WHITTIER, a California non-profit public benefit corporation, <br><br> Plaintiff, <br><br> v. <br><br> E.B.A. & M. CORPORATION, a corporation operating in California; and DOES 1 THROUGH 25, inclusive, <br><br> Defendants. | Case No. <br><br> **NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. SECTIONS 1331, 1441 [FEDERAL QUESTION]** |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF THE STATE OF CALIFORNIA, SOUTHERN DIVISION, AND ALL INTERESTED PARTIES:

   PLEASE TAKE NOTICE that Defendant, E.B.A. & M. CORPORATION, hereby removes the civil action entitled *PIH Health Hospital-Downey, et al. v. E.B.A.&M. Corporation, et al.*, Los Angeles County Superior Court, Case No. 21NWCV00821, to the United States District Court for the Central District of California, Southern Division, pursuant to 28 U.S.C. Sections 1331 and 1441.

/ / /

/ / /

Removal of this civil action to the District Court is proper for the following reasons:

## JURISDICTION

1. This is a civil action over which the District Court has original jurisdiction under 28 U.S.C. §1331, and is one which may be removed to the District Court pursuant to 28 U.S.C. §1441 in that it is a civil action seeking the recovery of benefits under an employee welfare benefit plan and such claims for benefits are completely preempted by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§1001 et seq. ("ERISA"). Any civil action brought in state court may be removed to federal court if the federal court has original jurisdiction over the action. 28 U.S.C. §1441(a). Federal courts have original jurisdiction over cases that arise under federal laws. 28 U.S.C. §1331. When an action contains a claim arising under federal law, the entire action is removable to federal court. 28 U.S.C. §1441(c)(1). Upon removal, the federal court can sever and remand any claims over which it does not possess original or supplemental jurisdiction. 28 U.S.C. §1441(c)(2). Thus, if any of the plaintiff's claims arise under federal law, removal is proper.

## PLAINTIFFS' COMPLAINT

2. Plaintiffs, PIH Health Hospital-Downey and PIH Health Hospital-Whittier, filed their complaint for breach of implied-in-fact contract and quantum meruit against defendants, E.B.A. & M. Corporation, and Does 1 through 25, inclusive, in the within action on December 8, 2021, in the Los Angeles County Superior Court for the State of California. (A true and correct copy of the plaintiffs' complaint is attached hereto as Exhibit 1 to the Index of Documents Filed in State Court concurrently filed herewith.)

## PLAINTIFFS' CLAIM

3. According to plaintiffs' complaint, it provided medical treatment to patients (hereinafter "patients") identified on a spreadsheet attached as Exhibit A to

the plaintiff's complaint. (¶9.)  Plaintiff alleges that these patients were "beneficiaries of a health plan sponsored, administered and or funded by E.B.A. & M." (¶10.)

4. E.B.A. & M. is the administrator of the attached health plans, which are self-funded employee welfare benefit plans governed by ERISA.

5. According to plaintiffs' complaint, the total billed charges for the medical treatment that it rendered to the patients was submitted to E.B.A. & M. for payment by E.B.A. & M, and E.B.A. & M. failed to fully pay plaintiff resulting in damages to plaintiff in an amount not less than the sum of $646,823.70, exclusive of interest.  (¶¶12-15.)

6. According to plaintiff's complaint, "[a]s is custom and practice, sometimes hospitals and health plans form contracts through their conduct even though they do not exchange express promises, contracts under which a hospital agrees to render medically necessary health care to a member of a health care plan and in return the health plan agrees to pay for such health care at the hospital's regular rates in place at the time or at a discounted rate through a network contract.'  According to plaintiffs' complaint, "[s]uch implied-in-fact contracts can arise from a variety of manifested conduct which includes, among other things, when a hospital calls up the health plan to ask for authorization for care for a particular member of that health plan, provide concurrent review during the hospital stay and the plan continues to provide authorization for the medical services, supplies and equipment or when a hospital renders medical care to a health plan's member in an emergency situation." (¶17.)  According to plaintiff's complaint, "upon notification of Patients admission from [plaintiffs], E.B.A. & M. and/or its agents, acknowledged the need for medical care for Patients and requested and/or authorized that [plaintiffs] provide medically necessary services to Patient," and "[b[y such conduct, it was understood between [plaintiffs] and

E.B.A. & M. that, in exchange for [plaintiffs] providing medically necessary care to Patients, E.B.A. & M. would pay [plaintiffs] the billed charges." (¶18.)

7. According to plaintiff's complaint, "[plaintiffs] and E.B.A. & M. had entered into an implied-in-fact contract," whereby "E.B.A. & M. offered to reimburse [plaintiffs] should [plaintiffs] provide medically necessary care to Patients," and "[plaintiffs] accepted that offer and did in fact provide medically necessary care to Patients." (¶19.) According to plaintiffs' complaint, [plaintiffs] properly billed E.B.A. & M. for the medically necessary services, and E.B.A. & M. did in fact actually reimburse [plaintiffs] for a portion of the services rendered in partial compliance with the implied-in-fact contract." (¶19.)

8. According to plaintiff's complaint, "[plaintiffs] in providing authorized medical treatment to Patients, has fully satisfied all of its obligations to E.B.A. & M. in accordance with the terms and conditions of the above-described implied-in-fact contract," whereas "E.B.A. & M., on the other hand, has not satisfied its respective obligations to [plaintiffs] by failing to reimburse [plaintiffs] for the services rendered to Patients." (¶¶20 and 21.)

9. According to plaintiff's complaint, "[a]s a result of the breach of implied-in-fact contract by E.B.A. & M., [plaintiffs] have suffered damages in an amount . . . not less than $646,823.70, exclusive of interest." (¶22.)

## FEDERAL QUESTION

10. E.B.A. & M. is the administrator of the subject health plans, which are self-funded employee welfare benefit plans governed by ERISA. See Exhibits B, C, and D attached hereto. The Plan documents govern the amounts that the Plan must pay for the medical treatment and services provided by plaintiff to Plan participants and beneficiaries.

11. Plaintiffs' complaint asserts two causes of action for breach of implied-in-fact contract and quantum meruit against E.B.A. & M. predicated on E.B.A. & M.'s alleged failure to pay benefits due under the Plan documents.

12. ERISA governs employee benefit plans that are established or maintained by an employer for the purposes of providing benefits to its employees. 29 U.S.C. §1003(a)(2). An employee welfare benefit plan is "any plan, fund or program which was heretofore or is hereafter established or maintained by an employer or by an employee organization, or by both, to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death . . . ." 29 U.S.C. § 1002(1).

13. Here, plaintiff alleges that the Plan is sponsored, administered, and financed by E.B.A. & M. However, the Plan documents confirm that the Plans are employee benefit plans with benefits being funded by the employers, who also serve as the sponsor and administrator.

14. While the well-pleaded complaint rule generally controls whether an action arises under federal law, ERISA is an exception to the well-pleaded complaint rule. *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207–08 (2004). The civil enforcement provisions contained in ERISA provide the exclusive vehicle for actions to recover benefits under an ERISA plan. *See Pilot Life Insurance Co. v. Dedeaux,* 481 U.S. 41 (1987); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987). ERISA's civil enforcement mechanism has "such extraordinary pre-emptive power that it converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Davila*, 542 U.S. at 209. Causes of action within the scope of 29 U.S.C. § 1132(a) are removable to federal court. *Taylor*, 481 U.S. at 66. "[I]f an individual brings a suit complaining of a denial of coverage for medical care, where the individual is entitled to such coverage only because of the terms of an ERISA-regulated employee benefit plan, and where no legal duty (state or federal) independent of ERISA or the plan terms is violated, then the suit falls within the scope of ERISA."

*Davila*, 542 U.S. at 210.

15. ERISA authorizes a civil action to recover benefits due under the terms of the plan or enforce rights under the terms of the plan. 29 U.S.C. § 1132(a)(1)(B). ERISA also permits an action to obtain other appropriate relief, including injunctive relief, to redress violations of the plan or ERISA or to enforce any provision of ERISA. 29 U.S.C. § 1132(a)(3). Health care providers, like plaintiffs, may bring a civil action under ERISA. *Spinedex Physical Therapy USA Inc. v. United Healthcare of Ariz., Inc.*, 770 F.3d 1282, 1291 (9th Cir. 2014).

16. Plaintiffs' claims against E.B.A. & M. fall within the scope of ERISA and are completely preempted. Plaintiffs' claims are simple, straightforward claims for ERISA benefits. Plaintiffs allege that E.B.A. & M. was obligated to pay Plaintiffs by virtue of the terms of the ERISA Plan, and E.B.A. & M did not pay the proper amount. Plaintiffs could have brought their claims for benefits under ERISA, and these claims are not supported by any legal duty arising outside of the ERISA Plan. *See Davila*, 542 U.S. at 210. Accordingly, Plaintiffs' claims are completely preempted and this action is removable to this Court.

## REMOVAL IS TIMELY

17. This notice of removal is being filed within the time allotted by 28 U.S.C. §1446(b). E.B.A. & M. was served with the plaintiff's summons and complaint on December 13, 2021. Thus, this notice of removal is being timely filed within thirty days of service of the summons and complaint on E.B.A. & M., as required by 28 U.S.C. §1446(b).

## STATE COURT FILE

18. Pursuant to 28 U.S.C. §1446, the only pleadings, process and orders that have been served on E.B.A. & M. are (1) summons, (2) complaint, (3) civil cover sheet, and (4) notice of case management conference, true and correct copies of which are attached to the Index of State Court Documents concurrently filed herewith.

## NOTICE TO ADVERSE PARTIES

19. Pursuant to 28 U.S.C. §1441(d), all parties to this action are being provided with notice of the filing of this notice of removal by service of a copy of this notice of removal on plaintiffs' counsel as set forth on the attached proof of service.

## PRAYER

**WHEREFORE**, defendant, E.B.A. & M. CORPORATION, prays that the state court action entitled *PIH Health Hospital-Downey, et al. v. E.B.A.&M. Corporation, et al.*, Los Angeles County Superior Court, Case No. 21NWCV00821, be removed from the Los Angeles County Superior Court to the United States District Court for the Central District of California, Western Division.

Date: January 12, 2022

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP

By: /s/ *Robert M. Anderson*
Robert M. Anderson
Natanel E. Safaradi
Attorneys for Defendant,
E.B.A. & M. CORPORATION

# PROOF OF SERVICE
### *PIH HEALTH HOSPITAL-DOWNEY, ET AL. v. EBA & M CORPORATION*
### Wilson Elser No. TBD

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to this action. My business address is 555 South Flower Street, Suite 2900, Los Angeles, California 90071. My electronic service address is cora.hernandez@wilsonelser.com.

On **January 12, 2022**, I caused the foregoing document, entitled "**NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. SECTIONS 1331, 1441 [FEDERAL QUESTION]**," to be served on the parties in this action by placing a true copy in a sealed envelope addressed as follows:

**[XX] (BY MAIL)** I caused such envelope(s) fully prepaid to be placed in the United States Mail at Los Angeles, California. I am "readily familiar" with the firm's practice of collection and processing correspondence or mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

**[XX] (BY ELECTRONIC SERVICE)** I electronically served the foregoing document in PDF format on behalf of *Defendant, EBA&M Corporation.*

**[ ] (BY CM/ECF NOTICE OF ELECTRONIC FILING)** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Upon completion of transmission of said documents a certified receipt is issued to the filing party acknowledging receipt by the CM/ECF system.

I declare under the laws of the United States of America that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on **January 12, 2022**, at Los Angeles, California.

/s/ *Cora Hernandez*
Cora Hernandez

# SERVICE LIST
## *PIH HEALTH HOSPITAL-DOWNEY, ET AL. v. EBA & M CORPORATION*
### Wilson Elser No. TBD

| | |
|---|---|
| Joy Stephenson-Laws, Esq.<br>Richard A. Lovich, Esq.<br>Karlene Rogers-Aberman, Esq.<br>David F. Mastan, Esq.<br>Venetia Byars, Esq.<br>STEPHENSON, ACQUISTO & COLMAN, INC.<br>303 No. Glenoaks Blvd., Suite 700<br>Burbank, CA 91502<br>T:  (818) 559-4477<br>F:  (818) 559-5484<br>**jstephenson@sacfirm.com**<br>**rlovich@sacfirm.com**<br>**kaberman@sacfirm.com**<br>**dmastan@sacfirm.com**<br>**syeretsian@sacfirm.com**<br>**sarkis@yeretsianLegal.com** | **Attorneys for Plaintiffs,**<br>**PIH HEALTH HOSPITAL – DOWNEY, a California non-profit public benefit corporation; and PIH HEALTH HOSPITAL – WHITTIER, a California non-profit public benefit corporation,** |

NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. SECTIONS 1331, 1441 [FEDERAL QUESTION]
265184757v.1