UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES—GENERAL

Case No. CV 22-00271-MWF (AGRx)     Date: May 3, 2022
Title: PIH Health Hospital - Downey et al v. E.B.A. & M. Corporation

Present: The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers):** ORDER GRANTING PLAINTIFFS' MOTION TO REMAND [19]

    Before the Court is Plaintiffs PIH Health Hospital – Downey and PIH Health Hospital – Whittier's Motion to Remand (the "Motion"), filed on February 22, 2022. (Docket No. 19). Defendant E.B.A. & M. Corporation filed an Opposition on March 7, 2022. (Docket No. 22). Plaintiffs filed a Reply on March 12, 2022 (Docket No. 23).

    The Court has read and considered the papers filed in connection with the Motion and held a hearing on March 28, 2022.

    For the reasons set forth below, the Motion is **GRANTED**. Defendant fails to establish that Plaintiffs' claims are completely preempted by federal law, which is required to support Defendant's theory of removal.

**I.    BACKGROUND**

    Plaintiffs originally filed this action in Los Angeles Superior Court but Defendant timely removed the action to this Court based on federal question jurisdiction. 28 U.S.C. § 1441(a). Specifically, Defendant contends that removal is proper because Plaintiffs are seeking the recovery of benefits due under an employee welfare benefit plan and such claims are completely preempted by the Employee Retirement Income Security Act ("ERISA"). (Notice of Removal (Docket No. 1)).

    In response, Plaintiffs filed this Motion to Remand, arguing that they are not seeking "benefits" under an ERISA benefit plan. Rather, Plaintiffs claim they are

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  CV 22-00271-MWF (AGRx)                    **Date:**  May 3, 2022
**Title:**  PIH Health Hospital - Downey et al v. E.B.A. & M. Corporation

seeking damages under state law claims that do not raise a federal question, and therefore, the case should be remanded back to state court.  (Mot. at 5).

The Complaint alleges the following:

Plaintiffs are hospitals that provide medical care to patients.  (Complaint ¶¶ 1–2 (Docket No. 4, Ex.1)).  Defendant, a health plan administrator, arranges for the provision of health care services to its enrollees and pays for the costs of these services.  (*Id.* ¶ 4).

Plaintiffs allege that they provided medically necessary services to Defendant's enrollees, but Defendant failed to pay Plaintiffs for the services provided.  (*Id.* ¶ 14).  To recoup payment, Plaintiffs filed two claims for: (1) breach of implied-in-fact contract, and (2) quantum meruit.  (*Id.* ¶¶ 16–31)

For Plaintiffs' breach of an implied-in-fact contract claim, they assert that it is "custom and practice in the health care industry" for "hospitals and health plans [to] form contracts through their conduct even though they do not exchange express promises."  (*Id.* ¶ 17).  Under these contracts, hospitals agree to render medically necessary health care, and in return, the health plan agrees to pay "at the hospital's regular rates . . . or at a discounted rate through a network contract."  (*Id.*).  Plaintiffs claim that this type of contract is formed each time "a hospital calls up the health plan to ask for authorization" to provide care for the health plan's enrollees.

Plaintiffs do not detail this "custom and practice" with respect to any specific patient enrolled with Defendant.  Instead, Plaintiffs attach a spreadsheet to the Complaint that lists the names of Defendant's enrollees with outstanding bills, generally alleging that Defendant entered into an implied-in-fact contract to pay these bills in full.

As to the claim for quantum meruit, Plaintiffs similarly allege that Defendant's representations and authorization for medical care caused Plaintiffs to provide services for which they were not fully reimbursed.  (*Id.* ¶ 27).  Plaintiffs claim that Defendant benefitted from the services because its enrollees paid premiums for medical coverage

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 22-00271-MWF (AGRx)          Date: May 3, 2022

Title: PIH Health Hospital - Downey et al v. E.B.A. & M. Corporation

and Defendant benefited when its enrollees received medically necessary care as expected. (*Id*. ¶ 29).

## II. LEGAL STANDARD

Courts should "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Doubts as to removability should be resolved in favor of remanding the case to the state court. *Id.*; *see also Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566.

"On a plaintiff's motion to remand, it is a defendant's burden to establish jurisdiction by a preponderance of the evidence." *Taylor v. United Road Services*, No. CV 18-330-LJO-JLT, 2018 WL 2412326, at *2 (E.D. Cal. May 29, 2018) (citing *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 88 (2014); *Rodriguez v. AT&T Mobility Servs., LLC*, 728 F.3d 975, 978 (9th Cir. 2013)). The non-moving party bears the burden of identifying "a legitimate source of the court's jurisdiction" and "[d]isputed questions of fact and ambiguities in the controlling law must be resolved in favor of the remanding party." *Pac. Mar. Ass'n v. Mead*, 246 F. Supp.2d 1087, 1089 (N.D. Cal. 2003) (citing *Gaus*, 980 F.2d at 566).

## III. DISCUSSION

Generally speaking, "[a] cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944 (9th Cir. 2009) (citation omitted). However, "there is an exception to the well-pleaded complaint rule for state-law causes of action that are completely preempted by [ERISA] § 502(a)." *Id.*

Indeed, there is a critical difference between complete preemption under ERISA § 502(a), 29 U.S.C. § 1132(a), and conflict preemption under ERISA § 514(a), 29 U.S.C. § 1144(a). *Id*. at 944–45. Complete preemption provides grounds for removal whereas conflict preemption does not because "removal and preemption are two

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 22-00271-MWF (AGRx)            **Date:** May 3, 2022

**Title:** PIH Health Hospital - Downey et al v. E.B.A. & M. Corporation

distinct concepts." *Toumajian v. Frailey*, 135 F.3d 648, 655 (9th Cir. 1998) (quotation omitted).

"Federal pre-emption is ordinarily a federal defense to the plaintiff's suit. As a defense, it does not appear on the face of a well-pleaded complaint, and, therefore, does not authorize removal to federal court." *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987).

However, under the doctrine of complete preemption, "Congress may so completely pre-empt a particular area that any civil complaint raising this select group of claims is necessarily federal in character." *Metropolitan Life*, 481 U.S. at 63–64. "[E]ven if the only claim in a complaint is a state law claim, if that claim is one that is 'completely preempted' by federal law, federal subject matter jurisdiction exists and removal is appropriate." *Toumajian*, 135 F.3d at 653 (citing *Metropolitan Life*, 481 U.S. at 63–64).

Under ERISA, a state-law claim is completely preempted if it comes within the scope of ERISA § 502(a) – the Act's civil enforcement provision. *See Metropolitan Life*, 481 U.S. at 67 (finding that a state-law claim was completely preempted because it fell within the scope of ERISA § 502(a)). "Section [502(a)] of ERISA, by its express terms, limits the causes of action that are available under the statute, as well as by whom and against whom they may be brought." *Toumajian*, 135 F.3d at 656. For example, the most common cause of action authorizes a plan participant or beneficiary to bring a civil action to recover benefits due under the plan or to clarify rights to future benefits under the terms of the plan. *Id.*

As the Ninth Circuit has explained, removal is only appropriate if Plaintiff's claims are "completely preempted" by ERISA's civil enforcement provision:

> Complete preemption removal is an exception to the otherwise applicable rule that a plaintiff is ordinarily entitled to remain in state court so long as its complaint does not, on its face, affirmatively allege a federal claim. The general rule is that a defense of federal preemption of a state-law claim, even conflict preemption under § 514(a) of ERISA, is an

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 22-00271-MWF (AGRx)          Date: May 3, 2022

Title: PIH Health Hospital - Downey et al v. E.B.A. & M. Corporation

---

insufficient basis for original federal question jurisdiction under § 1331(a) and removal jurisdiction under § 1441(a).

*Marin*, 581 F.3d at 945 (internal citation omitted).

Put simply, "a *defense* of conflict preemption under § 514(a) does not confer federal question jurisdiction on a federal district court." *Id*. (emphasis added). Therefore, "[a] party seeking removal based on federal question jurisdiction must show [] that the state-law causes of action are completely preempted by § 502(a) of ERISA." *Id*.; *see also Toumajian*, 135 F.3d at 655 ("[A] state law claim that falls outside the scope of [ERISA § 502(a)], even if preempted under [ERISA § 514(a)], is still governed by the well-pleaded complaint rule and is not removable under the complete preemption doctrine described by the Supreme Court.").

### A.     Plaintiffs Allege an Independent Legal Duty Separate from ERISA

Defendant asserts that Plaintiffs' state law claims are completely preempted by ERISA because they are "in effect" claims for ERISA benefits. (Opp. at 5). The thrust of Defendant's argument is that Plaintiffs have artfully pleaded their claims to defeat removal, and that the Court should refuse Plaintiffs' invitation to elevate form over substance.

To determine whether a plaintiff's claims are "completely" preempted, the Court acknowledges that it must "look[] beyond the complaint to determine if the suit is actually and entirely a matter of federal law." *Morris B. Silver M.D., Inc. v. Int'l Longshore & Warehouse*, 2 Cal.App.5th 793, 799, 206 Cal.Rptr.3d 461 (2016). Yet a bedrock principle of our judicial system requires a court to accept the plaintiff's allegations as pled, and, of course, the Court will adhere to this principle. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law."). In other words, the Court will look beyond a complaint to determine if the suit is entirely a matter of federal law, but it will not distort a plaintiff's allegations to arrive at that conclusion.

---

**CIVIL MINUTES—GENERAL**          5

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 22-00271-MWF (AGRx)          Date: May 3, 2022
Title: PIH Health Hospital - Downey et al v. E.B.A. & M. Corporation

    Here, Defendant argues for complete preemption on grounds that (1) Plaintiffs could have brought their claims under ERISA; and (2) there is no other independent legal duty implicated by Defendant's actions as alleged in the complaint. (*Id.* at 6 (citing *Aetna Health Inc. v. Davila*, 542 U.S. 200 (2004)).

    The Court disagrees for two reasons:

    ***First***, it is unclear whether Plaintiffs could have brought their claims under ERISA at all. Under its civil enforcement provision, ERISA limits the "[p]ersons empowered to bring a civil action" to a "participant or beneficiary . . . to recover benefits due to ***him*** under the terms of ***his*** plan. . . ." 29 U.S.C. § 1132(a)(1)(B) (emphasis added). Here, Plaintiffs are third-party hospitals that provided care to Defendant's enrollees – they are not actual enrollees seeking benefits due under the terms of the plan. And at no point does the Complaint allege an assignment of rights for Plaintiffs to pursue benefits on behalf of Defendant's enrollees.

    ***Second***, Plaintiffs do allege an independent legal duty implicated by Defendant's actions. For instance, Plaintiffs allege the creation of an implied-in-fact contract that arose from a custom and practice in the health care industry of forming independent contracts between providers and plan administrators when health plans authorize care for a particular enrollee. (Complaint ¶ 17). This is not the same as asking for benefits due to a particular enrollee under the terms of an ERISA plan. The alleged contract is between Plaintiffs, as third-party medical service providers, and Defendant, as the entity responsible for payment of the services provided. If Defendant failed to fulfill its obligation to pay for Plaintiffs' services, these are damages – not "benefits" due under an ERISA plan. *See Morris B. Silver*, 2 Cal.App.5th at 802–07 (collecting cases where claims by third-party providers were not preempted and stating "the fact an ERISA plan is an initial step in the causation chain, without more, is too remote of a relationship with the covered plan to support a finding of preemption").

    Defendant cites ample case law to argue that verification of eligibility and authorization for medical services does not create an implied-in-fact contract between providers and plan administrators. But this argument is misplaced in the context of a motion to remand. If Defendant is correct, it may have a strong argument to dismiss

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 22-00271-MWF (AGRx)          **Date:** May 3, 2022

**Title:** PIH Health Hospital - Downey et al v. E.B.A. & M. Corporation

the action for failure to state a claim (or a bring a demurrer to be sustained), but the Court cannot reach the merits before establishing jurisdiction.

### B.     Conflict Preemption

In addition to complete preemption, a claim may be preempted if it impermissibly "relates to" an ERISA benefit plan. 29 U.S.C. § 1144(a). This is known as "conflict preemption," and while not a basis for removal, it is a possible defense to Plaintiffs' claims here.

At the hearing, counsel for Defendant argued for preemption because the suit itself is against an ERISA benefit plan and the terms of the plan will necessarily be interpreted, as Plaintiffs admit that the amount of payment is at issue, not whether payment was made. This, however, is an argument in favor of conflict preemption – not complete preemption, which is needed to justify removal.

Defendant explicitly requests that if the action is remanded, the Court does so without a determination on the issue of conflict preemption so it may be asserted as a defense in the state court proceeding. (Opp. at 6). The Court will not make any such determination, because without jurisdiction, the Court cannot reach the merits of this defense anyway. In other words, the Court is making no rulings on the merits of the action, or whether a future demurrer should be overruled or sustained.

Accordingly, the Motion is **GRANTED**. The action is **REMANDED** to the Los Angeles County Superior Court.

IT IS SO ORDERED